IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Gordon P. Gallagher

Civil Action No. 25-cv-03049-GPG

BENJAMIN HERNANDEZ VAZQUEZ,

      Petitioner-Plaintiff,

v.

JUAN BALTASAR, Warden, Aurora ICE Processing Center, in his official capacity,
ROBERT GUADIAN, Director of the Denver Field Office for U.S. Immigration and Customs
Enforcement, in his official capacity;
KRISTI NOEM, Secretary of the U.S. Department of Homeland Security, in her official
capacity;
TODD LYONS, Acting Director of U.S. Immigration and Customs Enforcement, in his official
capacity;
PAM BONDI, Attorney General of the United States, in her official capacity;

      Respondents-Defendants.

---

## ORDER

Before the Court is the Verified Petition for Writ of Habeas Corpus (Petition) (D. 1).  The

Court GRANTS IN PART the Petition.  Because the briefing demonstrates that Petitioner-Plaintiff

Benjamin Hernandez Vazquez's (Petitioner) challenge is fundamentally legal in nature, the Court

declines to hold a hearing regarding Petitioner's challenge.  *See* 28 U.S.C. § 2243.

## I. BACKGROUND

This case is one of numerous cases in this District and across the country seeking habeas

relief for immigrants detained within the United States and denied detention hearings under a new

interpretation of 8 U.S.C. §§ 1225, 1226.

1

Petitioner has lived in the United States for nearly twenty years (D. 1 at 2).[1]  He has two

U.S.-citizen children (*id.*).  In July 2025, U.S. Immigration and Customs Enforcement (ICE) took

Petitioner into custody (*id.*).  Although he was encountered by ICE at a jail, he does not have

criminal convictions that would subject him to mandatory detention for criminal conduct (*id.*; D.

15 at 6).  At least at the time the Petition was filed, Petitioner was held by ICE at its Aurora Facility

in Aurora, Colorado, without release on bond or a bond hearing (D. 1 at 2).

## II.  LEGAL STANDARD

A district court may grant a writ of habeas corpus to any person who demonstrates he is

"in custody in violation of the Constitution or laws . . . of the United States." 28 U.S.C. § 2241.

The individual in custody bears the burden of proving that his detention is unlawful.  *Walker v.*

*Johnston*, 312 U.S. 275, 286 (1941).

## III. ANALYSIS

As one among many similar cases, the issues presented here have been litigated before.

Respondents-Defendants (Respondents) raise essentially identical arguments to those that they

raised in prior cases in this District.  *Compare* D. 15 at 7–15 *with Garcia Cortes v. Noem*, No.

1:25-CV-02677-CNS, 2025 WL 2652880, at *1 (D. Colo. Sept. 16, 2025) ("First, that the Court

lacks jurisdiction 'to review ICE's initiation of removal proceedings under 8 U.S.C. § 1252.'  ECF

No. 7 at 7.  Second, that even if the Court has jurisdiction, it 'should find that Petitioner is properly

detained' under 8 U.S.C. § 2552(b)(2)(A) because he falls under the statute.  *Id.*  Third, that

Petitioner has received adequate process.  *Id.*").  These arguments have been considered and

---

[1] The Court takes its facts from the Petition, which is verified (D. 1 at 18).  Defendants do not challenge any of the facts stated in the Petition, only the legal conclusions (*see* D. 15).

rejected by other Judges in this District.  *Id*.; *Mendoza Gutierrez v. Baltasar*, No. 25-CV-2720-RMR (D. Colo. Oct. 17, 2025), ECF 33.  Respondents make no attempt to distinguish the authority rejecting their arguments.[2] The Court finds the prior decisions from this District noted above entirely persuasive and adopts their analysis.

Accordingly, the Court finds that it has jurisdiction to hear Petitioner's challenge to his detention because his "claims are legal in nature and challenge specific conduct unrelated to removal proceedings."  *Garcia Cortes*, 2025 WL 2652880, at *2.  Because Petitioner was not detained while attempting to enter the country and does not have other circumstances that would subject him to mandatory detention, "Petitioner is not subject to § 1225(b)(2)(A)'s mandatory detention provision, nor does he fall outside of § 1226(a)'s discretionary detention provision based on any § 1226(c) exceptions" and "Respondents were wrong to detain him without an opportunity to seek release on bond."  *Id*. at *3.  "At bottom, the Court agrees with other courts that have, against substantially similar factual backgrounds, concluded that detention without a bond hearing amounts to a due process violation."  *Id*. at *4 (collecting cases).[3]

---

[2] One case reaching a contrary result, *Chavez v. Noem*, No. 3:25-CV-02325-CAB-SBC, 2025 WL 2730228 (S.D. Cal. Sept. 24, 2025), is not persuasive.  As other courts have judiciously explained, *Chavez* relies on a flawed analyses of only an incomplete portion of the statutory provision at issue.  *Cerritos Echevarria*, v. *Bondi*, No. CV-25-03252-PHX-DWL-ESW, 2025 WL 2821282, at *4, *8 (D. Ariz. Oct. 3, 2025); *Cordero Pelico*, , *v. Polly Kaiser*, No. 25-CV-07286-EMC, 2025 WL 2822876, at *14 (N.D. Cal. Oct. 3, 2025) ("Petitioners here agree that they are 'applicants for admission.'  They contest whether they are 'applicants for admission . . . *seeking admission*' within the scope of 1225(b)(2), an issue the [*Chavez*] district court did not address at all.").

[3] Respondents cite this Court's decision in *Bonilla Espinoza v. Ceja*, 25-cv-01120 (D. Colo. May 21, 2025), ECF No. 11 at 21.  That case, unlike this one, dealt with a circumstance where the statutory scheme allowed for detention without hearing.  *Id*.  In this instance, the statutory scheme *requires* Petitioner be provided a bond hearing.  Therefore, failure to do so violates due process.

## IV. CONCLUSION

For the foregoing reasons, Petitioner's Petition (D. 1) is GRANTED IN PART, to the extent Petitioner seeks a bond hearing at which Respondents bear the burden of proof of showing his continued detention is proper and was proper at the time of his arrest. Respondents shall provide Petitioner with a bond hearing under § 1226(a) within SEVEN DAYS of this Order. Respondents are ENJOINED from denying bond to Petitioner on the basis that he is detained pursuant to § 1225(b)(2)(A). Respondents are further ORDERED to file a status report within FIVE DAYS of Petitioner's bond hearing, stating whether he has been granted bond, and, if his request for bond was denied, the reasons for that denial. Such status update shall also include as an attachment any warrant justifying Petitoner's detention at the time he was detained.

The Court further converts its previously issued Temporary Restraining Order (D. 11) into a preliminary injunction for the reasons previously stated: Pursuant to the All Writs Act, 28 U.S.C. § 1651(a), and in order to preserve the Court's jurisdiction, Defendants SHALL NOT REMOVE Petitioner from the District of Colorado or the United States unless or until this Court or the Court of Appeals for the Tenth Circuit vacates this Order or the case is terminated.

DATED October 23, 2025.

BY THE COURT:

Gordon P. Gallagher
United States District Judge